UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE OWENS, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:05-cv-148 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| DENISE BOLTON et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER OF DISMISSAL

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On March 14, 2005 (docket ##12, 13), the Court issued an opinion and order denying Plaintiff leave to proceed *in forma pauperis* because he was barred by the "three-strikes" rule of 28 U.S.C. § 1915(g). The Court required Plaintiff to pay the $250.00 civil action filing fee within thirty days, and the Court warned Plaintiff that his case would be dismissed without prejudice should he fail to pay. The Court also warned that Plaintiff would be responsible for payment of the $250.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

More than thirty days have elapsed since the Court's order requiring Plaintiff to pay the filing fee, and Plaintiff has not paid the fee. Instead, Plaintiff filed a motion for reconsideration (docket #11), asserting that he did not have three strikes as determined by the Court and that, in any event, he had demonstrated that he met the exception to the application of the rule because he alleged imminent danger of serious physical injury.

With respect to his first argument, Plaintiff first contends that two of the four cases identified by the Court as strikes were improperly counted, referencing *Owens v. Stine*, No. 2:97-cv-280 (W.D. Mich. March 16, 1998), and *Owens v. Kadodian*, 2:95-cv-75716 (E.D. Mich. Jan. 17, 1996). Upon further review, the Court concludes that *Owens v. Stine*, No. 2:97-cv-280 (W.D. Mich. March 16, 1998) should not have been deemed a strike by this Court. Accordingly, the opinion denying leave to proceed *in forma pauperis* will be modified to exclude the reference to that case.

Notwithstanding that change, Plaintiff continues to have three strikes and the Court's order denying pauper status was correctly issued. Plaintiff argues that because *Owens v. Kadodian*, No. 2:95-cv-75716 (E.D. Mich. Jan. 17, 1996), did not involve prison conditions, the dismissal of that case as frivolous does not count as a strike under 28 U.S.C. § 1915(g).

Plaintiff's argument is meritless. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As is apparent from the language of the cited provision, § 1915(g) is not limited to civil actions challenging prison conditions. Instead, the statute provides that *any* action brought while a prisoner is incarcerated or detained that is subsequently dismissed for the stated reasons counts as a strike for purposes of determining the prisoner's eligibility to proceed *in forma pauperis. Id.*

Second, Plaintiff's argument that he has alleged imminent danger of serious physical injury is patently without merit. Although Plaintiff's complaint purported to allege that Defendants

- 2 -

had engaged in a pattern of exercising excessive force, his allegations cannot meaningfully suggest that he is in imminent danger of future incidents. The incidents in question occurred while Plaintiff was housed at the Ionia Maximum Correctional Facility and the named Defendants are employed at that facility. Plaintiff, however, has since been transferred to the Baraga Correctional Facility, hundreds of miles away. Plaintiff therefore is in no imminent danger of serious physical injury from the named Defendants.

Because Plaintiff has failed to comply with the Court's March 14, 2005 order, dismissal of this action without prejudice is appropriate. As the Court previously advised Plaintiff, the obligation to pay the full filing fee arises at the time the civil complaint is filed in the Court. Plaintiff therefore remains liable for payment of the civil action filing fee despite the dismissal of his action. *See In re Alea*, 286 F.3d at 381. Not to require payment of the full filing fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints without financial consequence. *Id.* Accordingly, the agency having custody of Plaintiff shall collect the $250.00 civil action filing fee and remit the funds to the Clerk of this Court. The check or money order shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.

Therefore,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (docket #11) is **DENIED**, though the Court's order denying leave to proceed *in forma pauperis* (docket #10) is **MODIFIED** to omit the reference to *Owens v. Kadodian*, 2:95-cv-75716 (E.D. Mich. Jan. 17, 1996).

**IT IS FURTHER ORDERED** that the captioned case be and hereby is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect the $250.00 civil action filing fee and remit the funds to the Clerk of this Court.

**IT IS ALSO ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  Further, should Plaintiff appeal this decision, he must pay the $255.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).


Date:     April 26, 2005              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE